# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Vail, et al., <br><br>　　　　Plaintiffs, <br><br>v. <br><br>Kopper Crest Manor on Harris LLC, et al., <br><br>　　　　Defendants. <br> Kopper Crest Manor on Harris LLC and Debera L. Kopp, <br><br>　　　　Counterclaimants, <br><br>v. <br><br>Michael Vail and Sarah Gulley, <br><br>　　　　Counterdefendants. | No. CV-18-00908-PHX-GMS <br><br>**ORDER** |

Pending before the Court is the Motion for Summary Judgment of Plaintiffs Michael Vail and Sarah Gulley (Doc. 54). Plaintiffs move for summary judgment on their own claims as well as the counterclaim of Defendant Debera L. Kopp. For the following reasons the motion is granted.[1]

## BACKGROUND

Debera Kopp is the sole owner of Kopper Crest Manor on Harris LLC, a care center for the elderly. Michael Vail and Sarah Gulley allege that they were full-time employees

---

[1] Defendant has requested a hearing. The request is denied. The parties have thoroughly discussed the law and the evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

of Ms. Kopp's company. They allege that they performed a total of 219 hours of work for the company between December 29, 2017 and February 9, 2018 but were not compensated in any way. Vail and Gulley filed this action against both Ms. Kopp and Kopper Crest Manor LLC, alleging violations of the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Statute, and the Arizona Wage Statute. Ms. Kopp brought a counterclaim that included a single count of "civil conversion/theft." (Doc. 25 at 16.)

On December 4, 2018, Plaintiffs served their First Set of Requests for Admissions ("RFAs"). A telephonic hearing was later held before the Court on February 8, 2019, during which Ms. Kopp avowed that the email address to which the RFAs were sent had been hacked and that she had not received them, either through email or physical mail. Ms. Kopp stated that she had "changed [her] email." (Doc. 66 at 5.)

Plaintiffs now move for summary judgment on their claims and on Ms. Kopp's counterclaim. They contend that Ms. Kopp failed to respond to the RFAs, and she is therefore deemed as having admitted the statements in the RFAs. Plaintiffs' Motion relies on those admissions to show that there are no disputes of material fact and that they are entitled to summary judgment.

**DISCUSSION**

**I.  Legal Standard**

A principal purpose of summary judgment is to identify factually unsupported claims and dispose of them. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

/ / /

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Parties opposing summary judgment are then required to "cit[e] to particular parts of materials in the record" that either establish a genuine dispute or "show[] that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. Pro. 56(c)(1). If the non-moving party's opposition fails to do so, the court is not required to comb through the record on its own to come up with reasons to deny a motion for summary judgment. *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (citing *Forsberg v. Pacific N.W. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)).

**II. Analysis**

Plaintiffs' motion hinges on whether Ms. Kopp admitted the statements contained in the RFAs. As explained in the Court's prior order, Ms. Kopp is deemed to have done so. That being the case, she has admitted almost all of the elements required to prove Plaintiffs claims against her, and Plaintiffs are entitled to judgment in their favor on their FLSA claim and their two Arizona state law claims. Similarly, Ms. Kopp is deemed to have admitted facts that demonstrate that Plaintiffs are entitled to judgment in their favor on Kopp's counterclaim.

**A. Plaintiffs are entitled to summary judgment on their FLSA claim.**

The Fair Labor Standards Act mandates the payment of a minimum wage for work performed. *See* 29 U.S.C. § 206; *Probert v. Family Centered Services of Alaska, Inc.*, 651 F.3d 1007, 1009 (9th Cir. 2011). "An FLSA claim has three elements: . . . (1) plaintiff was employed by defendant during the relevant period; (2) plaintiff was a covered employee; and (3) the defendant failed to pay plaintiff minimum wage and/or overtime pay." *Quinonez v. Reliable Auto Glass, LLC*, No. CV-12-000452-PHX-GMS, 2012 WL 2848426, at *1–*2 (D. Ariz. July 11, 2012) (alterations omitted).

Defendant's admissions establish most of the elements of Plaintiffs' FLSA claim. Ms. Kopp admits that she employed Plaintiffs and that she failed to pay them the applicable

minimum wage—indeed, she admits that she failed to pay them any wages at all for 219 hours of work performed by each. (Doc. 55-3 at 15–16.)

But Plaintiff did not explicitly admit, by failing to respond to the RFAs, that Plaintiffs were "covered employees." However, the evidence fails to disclose a dispute of fact on this point. The FLSA's minimum wage requirement applies to "each . . . employee[] who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a). Thus, coverage under the Act may be established either by showing "individual coverage" or "enterprise coverage." *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 306 n.8 (1985); *Chao v. A-One Medical Services, Inc.*, 346 F.3d 908, 914 (9th Cir. 2003). The FLSA definition of an "enterprise engaged in commerce" includes entities "that . . . [are] engaged in the operation of . . . an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution." *Id.* § 203(s)(1). Ms. Kopp admitted in her Answer that Kopper Crest Manor is an assisted living facility for the elderly. (Doc. 14 at 5.) She also admitted, by failing to respond to Plaintiffs' RFAs, that she owns Kopper Crest Manor, and that the company employed the Plaintiffs. There is therefore no dispute of fact over whether Plaintiffs were employees covered by the FLSA's minimum wage requirements.

Since Ms. Kopp has admitted that (1) she employed Plaintiffs through her company, (2) her company qualifies as an "enterprise engaged in commerce" under the FLSA, and (3) she did not pay Plaintiffs for the work they performed, there are no disputes of material fact regarding Plaintiffs' FLSA claim, and they are entitled to judgment as a matter of law. Summary judgment is therefore granted in Plaintiffs' favor on the FLSA minimum wage claim.

**B.     Plaintiffs are entitled to judgment in their favor on their Arizona Minimum Wage Statute claim.**

Arizona law requires that "employers shall pay employees no less than the minimum wage," set forth in the statute. Ariz. Rev. Stat. § 23-363(A). Ms. Kopp, as outlined above,

admitted to employing both Plaintiffs. She also admitted that she failed to pay either of them for 219 hours of work. She therefore failed to pay them the minimum wage required under the statute. There are no disputes of material facts regarding this claim and Plaintiffs are entitled to judgment in their favor. Summary judgment is therefore granted.

**C.    Plaintiffs are entitled to judgment in their favor on their Arizona Wage Statute claim.**

The Arizona Wage Statute forbids employers from withholding or diverting "any portion of an employee's wages" unless one of three exceptions applies. Ariz. Rev. Stat. § 23-352. Ms. Kopp admits that she did not pay Plaintiffs for any of the hours worked and fails to point to any evidence showing that any of the three exceptions from section 23-352 apply. Plaintiffs are therefore entitled to judgment in their favor on this claim.

**D.    Plaintiffs are entitled to judgment in their favor on Ms. Kopp's counterclaim for conversion.**

In Arizona, "[c]onversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Strawberry Water Co. v. Paulsen*, 220 Ariz. 401, 406, 207 P.3d 654, 659 (Ariz. Ct. App. 2008) (citation, internal quotation marks, and alteration omitted). "To maintain an action for conversion, a plaintiff must have had the right to immediate possession of the personal property at the time of the alleged conversion." *Case Corp. Gehrke*, 208 Ariz. 140, 143, 91 P.3d 362, 165 (Ariz. Ct. App. 2004).

Here, Ms. Kopp's counterclaim alleges that Plaintiffs took various property belonging to her. (Doc. 25 at 14–15.) She also alleges that Plaintiffs "commandeered" her 1997 Toyota Camry. However, by failing to respond to the RFAs Ms. Kopp has admitted that she did not own the Camry and that Plaintiffs did not unlawfully take any other property from her. (Doc. 55-3 at 16–17.) She additionally admits that she filed a police report against Plaintiffs regarding the Camry *because* they filed this action against her. (*Id.* at 15.) Ms. Kopp's counterclaim therefore fails as a matter of law and Plaintiffs are entitled to judgment in their favor.

### E. Plaintiffs are entitled to treble damages, interest, attorneys' fees, and costs.

Under the Arizona Wage Statute, "if an employer, . . . fails to pay wages due any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages." Ariz. Rev. Stat. § 23-355(A). The Arizona minimum wage for the applicable period was $10.50. *See* Ariz. Rev. Stat. § 23-363(A)(2). Ms. Kopp admits that each Plaintiff worked 219 hours for which she never paid the wages due to them. Under the Arizona statute, then, each Plaintiff is entitled to recover $6,898.50.

Additionally, 29 U.S.C. § 216 provides that courts presiding over FLSA actions "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The award of attorneys' fees under § 216 is mandatory, but "the amount awarded is within the discretion of the court. *Orozco v. Borenstein*, No. CV-11-02305-PHX-FJM, 2013 WL 4543836, at *2 (D. Ariz. Aug. 28, 2013) (citing *Houser v. Matson*, 447 F.2d 860, 863 (9th Cir. 1971)). In addition to fees and costs, Plaintiffs are also entitled to interest under Ariz. Rev. Stat. § 23-364(g) ("Any employer who fails to pay the wages or earned paid sick time required under this article shall be required to pay the employee the balance of the wages or earned paid sick time owed, *including interest thereon*.") (emphasis added).

In sum, as the prevailing plaintiff under the FLSA and Arizona law, Plaintiffs are entitled to not only the damages stated above, but attorneys' fees, costs, and interest in an amount to be determined upon a motion by Plaintiffs under L.R. Civ. 54.2.

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment of Plaintiffs Michael Vail and Sarah Gulley (Doc. 54) is **GRANTED**.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action against Defendant Debera L. Kopp and enter judgment accordingly.

Dated this 3rd day of July, 2019.

_____
G. Murray Snow
Chief United States District Judge